UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARCUS MCCOMBS, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 4:16 CV 356 CDP ) |
| JASON LEWIS, et al.,[1] | ) ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

On March 16, 2016, petitioner Marcus McCombs brought this federal habeas action under 28 U.S.C. § 2254 challenging an order entered by the Missouri Supreme Court the previous day (March 15) in relation to his state habeas petition.[2] Respondents answered McCombs' federal petition on June 13, 2016, arguing, *inter alia*, that McCombs' claims were unexhausted given that McCombs had filed a motion for rehearing with the Missouri Supreme Court, which at that time remained pending before that court.

Nothing has been filed in this case since.

---

[1] Petitioner is incarcerated at Southeast Correctional Center (SECC) in Charleston, Missouri. Because Jason Lewis is warden at SECC and is petitioner's custodian, he is substituted for Ian Wallace as proper party respondent. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. In addition, Missouri Attorney General Eric Schmitt is automatically substituted for former Attorney General Josh Hawley. *See* Fed. R. Civ. P. 25(d).

[2] Attorney Michael A. Gross filed this petition on behalf of McCombs and continues to represent McCombs in this action.

On July 19, 2016, the Missouri Supreme Court entered an order in McCombs' state habeas case vacating its March 15 order, overruling McCombs' motion for rehearing as moot, and denying McCombs' habeas petition.[3] *State ex rel. McCombs v. Wallace*, No. SC93496 (Mo. July 19, 2016) (order), *available at* https://www.courts.mo.gov.casenet.[4] Neither McCombs nor respondents advised me of this development, however; nor have they indicated whether, and to what extent, this state-court action affected the claims raised in this federal habeas petition. I will therefore order McCombs to inform the Court as to what effect, if any, the Missouri Supreme Court's July 19 order has on this case.

I discovered something else while working on this case. In his § 2254 petition, McCombs sets out the procedural history of his underlying conviction and sentence. As part of this history, McCombs avers that he filed a motion for post-conviction relief in the state trial court; that the case was docketed as *McCombs v. State of Missouri*, No. 2299P-03947; and that the trial court denied post-conviction relief on July 30, 2004. McCombs makes no other representation regarding these post-conviction proceedings. According to Missouri's docketing system, the trial court indeed denied McCombs' Rule 29.15 motion on July 30, 2004; however, it

---

[3] This order, entered in McCombs' case and in other similarly situated cases, was in response to the July 13 passage of Missouri Senate Bill No. 590, which revamped Missouri law regarding parole proceedings with respect to juveniles sentenced to life imprisonment or a term of imprisonment not less than thirty years. *See* Mo. Rev. Stat. § 558.047 (2016).

[4] I may take judicial notice of judicial opinions and public state records. *Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005).

later granted McCombs leave to file an amended motion, finding that he had earlier been abandoned by counsel. The docket entries show that on several occasions, a hearing was scheduled on the amended motion and then canceled, with the last such event occurring on July 11, 2007. *See McCombs v. State*, No. 2299P-03947 (docket entries), *available at* https://www.courts.mo.gov/casenet. It is thus unclear whether McCombs' amended motion remains pending before the state court and, if so, whether it affects this federal habeas petition. I will therefore order McCombs to inform me of the status of his 29.15 proceedings and what effect, if any, they have on this case

Accordingly,

**IT IS HEREBY ORDERED** that no later than **March 8, 2019**, petitioner shall advise the Court as to: 1) what effect, if any, the Missouri Supreme Court's order entered July 19, 2016, has on this pending federal habeas petition; and 2) the present status of his Rule 29.15 post-conviction proceedings in state court and what effect, if any, such proceedings have on this federal habeas action. Respondents shall have thirty (30) days thereafter within which to file a response.

*[signature]*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of February, 2019.