UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARCUS MCCOMBS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:16 CV 356 CDP |
| | ) |
| JASON LEWIS, et al.,[1] | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Missouri state prisoner Marcus McCombs' petition for writ of habeas corpus under 28 U.S.C. § 2254. Because I do not have jurisdiction over McCombs' claims, I will dismiss the petition.

## Background

In December 1997, McCombs was sentenced in the Circuit Court of St. Louis City, Missouri, to a term of life imprisonment without eligibility for parole for murder first degree, a consecutive term of life imprisonment with parole for armed criminal action, and consecutive terms of seven years' imprisonment for burglary first degree and felony stealing. McCombs was a juvenile at the time he committed the

---

[1] Petitioner is incarcerated at Southeast Correctional Center (SECC) in Charleston, Missouri. Because Jason Lewis is warden at SECC and is petitioner's custodian, he is substituted for Ian Wallace as proper party respondent. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. In addition, Missouri Attorney General Eric Schmitt is automatically substituted for the former Missouri Attorney General. *See* Fed. R. Civ. P. 25(d).

offenses. His conviction and sentence were affirmed on direct appeal. *State v. McCombs*, 987 S.W.2d 511 (Mo. Ct. App. 1999). McCombs thereafter filed a motion for post-conviction relief under Missouri Supreme Court Rule 29.15, which was denied.[2]

On June 25, 2012, the United States Supreme Court issued its opinion in *Miller v. Alabama*, 567 U.S. 460 (2012), in which it held that the Eighth Amendment prohibits mandatory sentences of life without parole for juvenile offenders. The Court reasoned that "[m]andatory life without parole for a juvenile precludes consideration of his chronological age and its hallmark features – among them, immaturity, impetuosity, and failure to appreciate risks and consequences," the "family and home environment that surrounds him – and from which he cannot usually extricate himself – no matter how brutal or dysfunctional," the "circumstances of the homicide offense," and "the possibility of rehabilitation[.]" *Id.* at 477-78. Based on *Miller*, McCombs filed a petition for writ of habeas corpus in the Missouri Supreme Court in June 2013, arguing that he was entitled to have his conviction and sentence vacated and/or be resentenced given the unconstitutionality of his original sentence.

---

[2] According to Missouri's docketing system, and as acknowledged by McCombs in his petition here, the trial court denied McCombs' Rule 29.15 motion on July 30, 2004. Case.net shows, however, that the court granted McCombs leave to file an amended motion on April 8, 2005, finding that he had earlier been abandoned by counsel. It is unclear whether that amended motion remains pending. *See McCombs v. State*, No. 2299P-03947 (docket entries), *available at* https://www.courts.mo.gov.casenet.

On January 27, 2016, while McCombs' petition was still pending, the United States Supreme Court decided *Montgomery v. Louisiana*, which held that *Miller* announced a new substantive constitutional rule that applied retroactively to cases on collateral review. 136 S. Ct. 718, 736 (2016). The Court clarified, however, that this retroactive application "does not require States to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole. A State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them." *Id*. Regarding this remedy, the Court cited a Wyoming statute that allows a juvenile convicted of homicide to be eligible for parole after 25 years of incarceration. *Id.* (citing Wyo. Stat. Ann. § 6-10-301(c) (2013)). The Court specifically held that "[a]llowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity – and who have since matured – will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment." *Id.*

On March 15, 2016, the Missouri Supreme Court issued an order in McCombs' habeas case and in all other similarly situated cases, stating that the Missouri General Assembly had yet to enact a constitutionally valid sentencing provision in accordance with *Miller* and *Montgomery*. Therefore, the Missouri Supreme Court granted McCombs' petition in part and ordered that he (and those similarly situated) would be

eligible to apply for parole after 25 years' imprisonment on their sentences of life without parole unless their sentences were otherwise brought into conformity with *Miller* and *Montgomery* by the action of the governor or enactment of necessary legislation.

## McCombs' Federal Habeas Petition

On March 16, 2016, one day after the Missouri Supreme Court's order, McCombs filed this federal habeas petition raising two grounds for relief. First, McCombs claimed that the Missouri Supreme Court's March 15 order violated his right to due process because it illegally altered his sentence and upheld his conviction for first degree murder. McCombs argued specifically that the Missouri Supreme Court had no authority to alter sentencing statutes or create a new sentence, given that that is a legislative function. In his second ground for relief, McCombs argued that the Missouri Supreme Court's March 15 order denied him the right to a reasonable opportunity for release as required under *Miller* and *Montgomery*, given that, under the terms of the order, the parole board retained its discretion as to whether to grant parole.

Respondents filed their response to McCombs' claims on June 13, 2016, and noted that McCombs had filed a motion in the Missouri Supreme Court for rehearing and that the motion remained pending. Given the pendency of this state-court action, respondents argued that the claims raised in the federal petition were unexhausted

and, further, that I should decline to exercise jurisdiction over the petition under the *Younger*[3] abstention doctrine. Respondents also argued that the claims were without merit. Although given the opportunity, McCombs did not reply to the respondents' response.

## Subsequent Action

On July 13, 2016, the governor signed into law Missouri Senate Bill No. 590 (SB 590), 98th General Assembly, which states, in relevant part:

> 1. Any person sentenced to a term of imprisonment for life without eligibility for parole before August 28, 2016, who was under eighteen years of age at the time of the commission of the offense or offenses, may submit to the parole board a petition for a review of his or her sentence regardless of whether the case is final for purposes of appeal, after serving twenty-five years of incarceration.
>
> . . . .
>
> 4. The parole board shall hold a hearing and determine if the defendant shall be granted parole.

*Codified at* Mo. Rev. Stat. § 558.047. In light of SB 590, the Missouri Supreme Court issued an order on July 19, 2016, vacating its March 15 order, overruling as moot the motions for rehearing filed by McCombs and others, and denying McCombs' and others' state-court petitions for habeas corpus. *State ex rel. McCombs v. Wallace*, No. SC93496 (Mo. July 19, 2016) (order), *available at*

---

[3] *Younger v. Harris*, 401 U.S. 37 (1971).

https://www.courts.mo.gov.casenet.[4]

Because no filings had been made in this federal habeas action since the passage of SB 590 or the entry of the Missouri Supreme Court's order on July 19, 2016, I ordered McCombs to inform me as to what effect, if any, the July 19 order had on the claims raised in this habeas case. (Order, ECF 5.)[5] McCombs did not respond to my Order and the time to do so has passed.

## Discussion

The claims before me challenge only the Missouri Supreme Court's order entered March 15, 2016. But that order was vacated in July 2016. Because the only claims McCombs raises in this petition challenge an order that has since been vacated, the petition appears to be moot. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (case or controversy requirement of federal jurisdiction continues through all stages of federal judicial proceedings). I therefore do not have jurisdiction over the petition and it must be dismissed. *See Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016) (where developments occur that eliminate a plaintiff's stake in the outcome, action becomes moot and court is divested of jurisdiction); *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (mootness is a jurisdictional issue).

Even if the petition is not moot on this basis, I nevertheless do not have

---

[4] I may take judicial notice of judicial opinions and public state records. *Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005).

[5] I also ordered McCombs to inform me as to the status of his Rule 29.15 motion and whether its status affected this habeas proceeding.

jurisdiction over the claims. With respect to the claim raised in Ground 1, McCombs argues that the Missouri Supreme Court acted outside its authority when it entered its March 15 order, because any action to alter sentencing statutes or to create a new sentence for an existing offense is reserved to the legislature. As relief, McCombs requests that he either 1) be discharged from his sentence for first degree murder since no sentence under Missouri law can be applied to him for that crime, or 2) be resentenced for second degree murder which carries a sentence ranging from ten to thirty years' imprisonment, or life with parole.

The Missouri legislature's passage of SB 590 had the effect of providing McCombs the relief he sought, that is, legislative enactment of a law discharging him from his sentence of life without parole and giving him the opportunity to obtain parole. Because there is nothing left for me to remedy, McCombs' claim is moot. *See Spencer*, 523 U.S. at 18 ("Mootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to.").

In Ground 2, McCombs claims that the Missouri Supreme Court's March 15 order left in place the parole board's discretion in determining whether to grant parole, which would deny him the right to a "reasonable opportunity" for release as required under *Miller* and *Montgomery*. Because this claim challenges possible *future* conduct of the parole board, the claim is not ripe for adjudication.

The ripeness doctrine is grounded in Article III's jurisdictional limit to deciding actual cases and controversies. *Public Water Supply Dist. No. 8 of Clay Cnty., Mo. v. City of Kearney, Mo.*, 401 F.3d 930, 932 (8th Cir. 2005). The basic rationale of the doctrine is to "'prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.'" *Nebraska Pub. Power Dist. v. MidAmerican Energy Co.*, 234 F.3d 1032, 1037 (8th Cir. 2000) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967)). "The touchstone of a ripeness inquiry is whether the harm asserted has matured enough to warrant judicial intervention." *Parrish v. Dayton*, 761 F.3d 873, 875 (8th Cir. 2014) (internal citations and quotation marks omitted). "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States,* 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.,* 473 U.S. 568, 580-81 (1985)). I may raise and address the question of ripeness *sua sponte*. *National Park Hosp. Ass'n v. Department of Interior*, 538 U.S. 803, 808 (2003).

As noted above, McCombs was sentenced to life without parole in December 1997, which means he has served just over twenty-one years of his sentence. Under SB 590, he will be eligible to apply for parole in less than four years. It is only *after* McCombs reaches this eligibility and petitions for parole that the parole board will convene to determine whether to grant parole to McCombs.

McCombs' claim is based on a future application of the law that will be based on consideration of factual circumstances that have not yet occurred.[6] Moreover, the law dealing with juvenile parole hearings has been changeable in recent years and is anticipated to undergo additional change in the relatively near future, with such change likely affecting future parole hearings, including McCombs'. *See Hack v. Cassady*, No. 16-04089-CV-W-ODS, 2019 WL 320586, at *7 (W.D. Mo. Jan. 24, 2019) (citing pending class action involving SB 590, habeas court declines to address challenge to future parole hearing because State, in all likelihood, will have implemented new policies, procedures, and customs by then). *Simmonds v. INS*, 326 F.3d 351, 360 (2d Cir. 2003) (changeable nature of law relevant to consideration of ripeness). Finally, with McCombs not being eligible to seek parole for several years, he will endure no immediate hardship if this claim is not now addressed. *Hack*, 2019 WL 320586, at *7; *see also Abbott Labs v. Gardner*, 387 U.S. 136, 149 (1967) (factors to consider in determining ripeness: "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration."), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977).

---

[6] Indeed, any future parole board action will itself be based on consideration of extensive facts, including: 1) efforts made toward rehabilitation since the offense or offenses occurred, including participation in educational, vocational, or other programs during incarceration, when available; 2) the subsequent growth and increased maturity of the person since the offense or offenses occurred; 3) evidence that the person has accepted accountability for the offense or offenses, except in cases where the person has maintained his or her innocence; 4) the person's institutional record during incarceration; and 5) whether the person remains the same risk to society as he or she did at the time of the initial sentencing. Mo. Ann. Stat. § 558.047.5.

McCombs' challenge to the constitutionality of his future parole hearing is therefore premature. *Hack*, 2019 WL 320586, at *7. Because this claim is not ripe for adjudication, I must dismiss it for lack of jurisdiction. *United States v. Gates*, 915 F.3d 561 (8th Cir. 2019) (per curiam).

Accordingly,

**IT IS HEREBY ORDERED** that Jason Lewis is substituted for Ian Wallace as proper party respondent.

**IT IS FURTHER ORDERED** that Missouri Attorney General Eric Schmitt is substituted for the former Missouri Attorney General as proper party respondent.

**IT IS FURTHER ORDERED** that petitioner Marcus McCombs' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [1] is dismissed in its entirety with prejudice for lack of jurisdiction.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue in this action because petitioner has failed to make a substantial showing that he has been denied a constitutional right.

A separate Order of Dismissal is entered herewith.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 20th day of March, 2019.